Nash, C. J.
 

 This case is, in the principle decided, covered by that of
 
 Mordecai
 
 v.
 
 Speight,
 
 3 Dev. 428. It was there adjudged, that it would be dangerous to purchasers, and ruinous to plaintiffs in executions, to require bidders at a sheriff’s sale, to see that the officer has complied with all his duties in making the sale. In that case, the sale was not opened on Monday, the sale day, but was postponed, until Tuesday, when it took place. His Honor, below, instructed the jury, that as the sheriff’s sale, did not commence on Monday, the return day of the writ, his authority to sell expired with that day, and that a sale made by him, on Tuesday, was void. The Supreme Court reversed the judgment for error. In
 
 Pope
 
 v. Bradley, 3 Hawks’ Rep. 16, cited and approved in
 
 Mordecai
 
 
 *455
 
 v.
 
 Speight,
 
 the Chief Justice in delivering the opinion of the Court says, “that on no principle could an irregularity in the adj ournment, annul the sale; upon the ground, that the act was directory to the sheriff, and gives a penalty against him.” Here the sale was on "Wednesday of Court, after the return day.
 

 Pee CueiaM. There is no error, and Judgment is affirmed.